UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
BATON ROUGE DIVISION

| | | |
|---|---|---|
| RONA YOUNG KEMP, | : | CIVIL ACTION NO.:_____ |
| ROXANN YOUNG and | : | |
| CARL YOUNG | : | |
| Individually and as legal heirs of | : | JUDGE:_____ |
| MARTIN YOUNG | : | |
| | : | MAGISTRATE: _____ |
| VERSUS | : | |
| | : | JURY TRIAL REQUESTED |
| CTL DISTRIBUTION, INC., | : | |
| ROGER A. MCLELLAND and | : | |
| JOHN DOE | : | |

**PETITION FOR REMOVAL**

NOW INTO COURT, through undersigned counsel, comes CTL DISTRIBUTION, INC., a named Defendant in the above captioned matter, who files this Petition for Removal from the 18th Judicial District Court, Parish of Iberville, State of Louisiana, bearing Civil Action #64446-D, presently pending therein, to this District Court of the United States in and for the Middle District of Louisiana and respectfully shows this Court the following facts:

1.

An original Petition for Damages entitled "Rona Young Kemp, Roxann Young, and Carl Young, individually and as legal heirs of MARTIN YOUNG versus CTL Distribution, Inc., Roger A. McLelland and John Doe", Civil Action #64446-D, was filed on the 3rd day of November 2006, in the 18th Judicial District Court, Parish of Iberville, State of Louisiana. *Attached as Exhibit "A" is the original Petition for Damages*.

1

*Petition for Removal*
Case 3:09-cv-01109-JJB-SCR   Document 1   12/30/09   Page 1 of 17

2.

In this original petition, plaintiffs set forth a claim for damages arising out of an incident which occurred on January 4, 2006, in the Parish of Iberville, State of Louisiana. This incident occurred when Martin Young, the decedent, was working at his place of employment, The Delta Trailer, Inc. garage that is located within the truck terminal owned and operated by defendant, CTL Distribution, Inc., in St. Gabriel, Louisiana. Mr. Young, who was an employee of Delta Trailer, Inc., was servicing a truck tank trailer, owned by CTL at the time of the incident. Mr. Young somehow got inside the tank trailer. It is alleged that Mr. Young was overcome by hydrogen sulfide fumes. Despite efforts to save Mr. Young, Mr. Young died before emergency personnel could rescue him.

3.

Service of citation was issued on November 8, 2006. On or about November 28, 2006 Defendant, CTL Distribution, Inc. removed this matter to the United States District Court, Middle District of Louisiana, Baton Rouge Division.

4.

In the original Petition for Damages, Plaintiffs, Rona Young Kemp and Roxann Young, claimed that they were residents of the State of Texas. Plaintiff, Carl Young, claims that he is a resident of the State of Louisiana. Defendant, CTL Distribution, Inc. is a Delaware Corporation, with its principal place of business in the State of Florida. Accordingly, complete diversity existed between plaintiffs and CTL Distribution, Inc.

5.

In Defendant's removal documents, Defendant claimed that Plaintiffs had improperly, collusively and/or fraudulently joined certain defendants to defeat diversity. Defendant submitted that there was no personal fault on behalf of the other defendants. The fraudulently joined defendants would defeat diversity jurisdiction because Roger A. McLelland, is a citizen of the State of Louisiana. Plaintiffs further allege that John Doe, presently unidentified agent or employee of CTL, was also a citizen of the State of Louisiana. As a result, complete diversity did not exist when Roger A. McLelland or John Doe's citizenship were taken into account.

6.

In the Plaintiffs' original petition, Plaintiffs stated the following with respect to the allegations against "John Doe":

> …John Doe was delegated the duty by CTL to obtain the police file on the death of Mr. Young. This delegation was for the purpose, *inter alia*, of determining the rights of Mr. Young and petitioners in connection with his death, thus the duty delegated was personally owed to petitioner. Further, according to the Police Department, the original and all copies of the only eyewitness statement to the incident, were no longer included in the file after it was reviewed by John Does. Thus, upon information and belief, CTL and John Doe committed the tort of intentional spoliation of evidence rendering CTL and John Doe liable to petitioners for damages. Alternatively, CTL and John Doe were negligent in safeguarding the only eyewitness statement giving rise to a cause of action for negligent spoliation of evidence and liability to petitioners for damages.

7.

In its original removal documents, CTL Distribution, Inc. submitted that the citizenship of Roger A. McLelland and John Doe should not be considered when determining whether this Court has subject matter jurisdiction because of the fraudulent joinder.

8.

After this matter was removed, Plaintiffs filed a Motion for Leave to file a First Amended Supplemental and Restated Complaint. This Motion for Leave, as well as the First Amended Supplemental and Restated Complaint were filed with the Federal Court on December 28, 2008. *Attached as Exhibit "B" is a copy of the Motion for Leave to file a First Amended Supplemental and Restated Complaint, and the First Amended Supplemental and Restated Complaint.*

9.

In their Motion to Amend the First Amended Supplemental and Restated Complaint, Plaintiffs stated that "CTL provided a limited document production which identified the tortfeasor [John Doe] as Trinity Insurance Services, a Louisiana insurance investigative/adjusting firm, headquartered in Mandeville, Louisiana". Plaintiffs further stated that they sought to "substitute Trinity Insurance Services wherever the original petition mentioned John Doe". The amended petition listed Trinity Insurance Services, a Louisiana corporation with its principal place of business located in the Parish of St. Tammany Parish, State of Louisiana.

10.

In addition to substituting the name of Trinity Insurance Services for John Doe, Plaintiffs also asked for leave to add two non-diverse employees of CTL as Defendants, Jimmy Davis and Kelvin Perry. Plaintiffs stated in their Motion to Amend their original petition that CTL produced statements given to investigators by Davis and Perry. Plaintiffs alleged that these statements show the following:

> …Jimmy Davis and Kelvin Perry, Louisiana citizens employed by CTL and assigned to the tank trailer being serviced by Mr. Young at the time of his death, were specifically delegated the duty to check the air level in the emergency air bottle attached to the trailer before Mr. Young mounted the trailer and encountered the open hatch. As alleged in the original petition, this emergency air bottle was exhausted within a minute indicating it was not full.

11.

In their Motion to Amend the Original Petition and file a First Supplemental and Restated Complaint, Plaintiffs sought to join Mr. David and Mr. Perry as Defendants because they were "negligent in fulfilling their personal duty to inspect and fill the bottle, which caused Mr. Young to lose his chance of rescue and die.

12.

On or about January 9, 2007, Defendants filed an opposition to Plaintiffs' Motion for Leave to file the First Supplemental and Restated Complaint. In this opposition, Defendant argued that the purpose of the amendment was solely to defeat diversity. There were no valid claims against Trinity Insurance Services, Mr. Perry or Mr. Davis.

13.

On April 4, 2007, the U.S. Magistrate Judge Docia L. Dalby filed a "report and recommendation" in which it was recommended that the Motion for Leave to First Amended Supplemental and Restated Complaint be granted, and that the case be remanded back to he 18th Judicial District Court, for the Parish of Iberville, State of Louisiana, for lack of subject matter jurisdiction. *Attached as Exhibit "C" is the Report and Recommendation of the Magistrate Judge*.

14.

In the Report and Recommendation, Magistrate Judge Dalby stated the following as the reason for the recommendation.

> In this case, the only reason Trinity Insurance Company was not named in the State Court petition was because the Plaintiffs did not know its identity. The original petition clearly made a claim for spoliation against "John Doe", and had Plaintiffs known the identity and citizenship of "John Doe", the alleged spoliator, the case would not have been removable to begin with. The identity of the alleged spoliator was in the possession of the defendants, and when it was produced to the Plaintiffs, the motion to amend to substitute Trinity for "John Doe" was filed. <u>Therefore, there is no indication that the requested amendment's purpose is to defeat diversity, and plaintiff has not been dilatory in seeking amendment</u>. [emphasis added]

Magistrate Judge Dalby further stated as follows:

> The court therefore finds that the *Hengens* [*versus Deere and Company, 833 F.2d 1179, 1182 (5th Cir. 1997)*] factors require that the amendment to substitute Trinity Insurance Company be allowed. The amendment allowing Trinity Insurance Company destroys diversity jurisdiction and requires remand. Since the addition of Trinity Insurance Company is sufficient in and of itself to require remand, the citizenship of Davis and Perry becomes irrelevant. Whether

6

Petition for Removal
Case 3:09-cv-01109-JJB-SCR   Document 1   12/30/09   Page 6 of 17

or to what extent these defendants have any liability to plaintiffs is best left to the state court to decide.

15.

On or about April 12, 2007, Defendant filed an Opposition to the Magistrate Judge's report and recommendation regarding Plaintiff's Motion for Leave to file a First Amended, Supplemental and Restated Complaint.

16.

On June 7, 2007, the United States District Judge James J. Brady issued a ruling in which he stated that the Court found that the Magistrate Judge correctly stated the law. The court therefore approved the report and recommendation and adopted it as the Court's opinion on the Plaintiff's Motion for Leave to file a First Amended, Supplemental and Restated Complaint and remanded the case to the 18th Judicial District Court, Parish of Iberville, State of Louisiana, for lack of subject matter jurisdiction. *Attached as Exhibit "D" is the order issued by Judge Brady.*

17.

Since June 7, 2007, the case has proceeded in the 18th Judicial District Court, Parish of Iberville, State of Louisiana. The matter has never been set for trial and only limited discovery has taken place. The case was delayed because it has been on appeal. On or about August 22, 2007, Defendants filed a third Party Demand against Delta Trailer, Inc., a Louisiana corporation in the Parish of Iberville.

18.

In this Third Party Demand, Defendants alleged that DTI owed CTL indemnification regarding all the claims of the Plaintiffs under a "contract for services"

7

*Petition for Removal*
Case 3:09-cv-01109-JJB-SCR   Document 1   12/30/09   Page 7 of 17

that had been entered into between DTI and CTL. Defendants further alleged that under this "contract for services", DTI agreed to obtain liability insurance that listed CTL as an additional insured and that DTI failed to obtain the required insurance and was therefore in breach of this contract.

19.

On or about October 20, 2008, Defendants filed a First Supplemental and Amended Third Party Demand against Delta Trailer, Inc. ("DTI"), DTI's insurance agency, Gulf South, DTI's liability insurer, and Gemini Insurance Company. In this First Supplemental and Amended Third Party Demand, Defendants alleged that Gulf South was a limited liability company, domiciled in the Parish of East Baton Rouge, Louisiana and that Gemini Insurance Company is a foreign insurer authorized to do business in the State of Louisiana.

20.

In the First Supplemental and Amended Third Party Demand, Defendants alleged that DTI was negligent in not having CTL listed as an additional insured in the Gemini policy, alternatively that Gulf South, as DTI's agent was negligent in not listing CTL as an additional insured on the Gemini policy and alternatively that the Gemini policy should be reformed to list CTL as an additional insured.

21.

CTL Distribution, Inc. submits that the citizenship of Roger A. McLelland should not be considered when determining whether this Court has subject matter jurisdiction because of the fraudulent joinder.

22.

More specifically, "[t]here are two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) *inability of the plaintiff to establish a cause of action against the non-diverse party in state court*". *Boone v. Citigroup, Inc., 416 F.3d 382, 388 (5th Cir. 2005)* (emphasis added). Consequently, the citizenship of either Roger A. McLelland, should not be considered by this Court when making its subject matter jurisdiction determination because Plaintiffs cannot establish a cause of action against these parties.

23.

Where state law provides no reasonable basis on which to impose liability on non-diverse defendant, joinder of such a party is deemed fraudulent and does not defeat diversity for federal jurisdictional purposes. *Kimmons v. IMC Fertilizer, Inc., 844 F. Supp. 738, 739 (Middle District Florida, 1994), citing Tedder v. F.M.C. Corp., 590 So.2d 115, 116 (5th Cir. 1979), citing 28 U.S.C. ' 1332 (a) (1).*

24.

The Plaintiffs have recently filed a Second Amended Supplemental and Restated Petition. In this Second Amended Supplemental and Restated Petition, the Plaintiffs only listed CTL and Roger McLelland as defendants. The Plaintiffs dropped their claims against Trinity Insurance, Mr. Davis and Mr. Perry. Plaintiffs have never sought service on Trinity Insurance, Mr. Davis or Mr. Perry. They have therefore never been served and never answered the Plaintiffs' First Supplemental Amended Supplement and Restated Petition, which has now been amended and restated to drop the claims against these

9

*Petition for Removal*
Case 3:09-cv-01109-JJB-SCR   Document 1   12/30/09   Page 9 of 17

individuals and Trinity, Mr. Davis and Mr. Perry, therefore have effectively been voluntarily dismissed by the Plaintiffs in the Second Amended Supplemental and Restated Petition, which was filed on or about December 2, 2009, and copied via facsimile on Defendants' attorney on December 3, 2009. This removal is therefore clearly being filed within 30 days of notice of the Plaintiffs' Second Amended Supplemental and Restated Petition, which has dropped its claims against all non-diverse Defendants, except Mr. McLelland. *Attached as Exhibit "E" is a copy of the Correspondence, Motion for Leave and Second Amended Supplemental and Restated Petition filed by Plaintiffs. Also attached hereto as Exhibit "F" are the documents served on Defendants by the Clerk of Court of the 18th Judicial District Court, those documents being the Plaintiffs' Motion for Leave and Second Amended Supplemental and Restated Petition filed by Plaintiffs and signed by the Court on December 8, 2009, and received by Defendants on December 29, 2009.*

25.

In the plaintiffs' Second Amended Supplemental and Restated Petition, plaintiffs alleged that CTL Distribution, Inc. owns and operates a truck terminal which contains the Delta Trailers, Inc. garage, of which Martin Young was employed. Plaintiffs alleged that CTL regularly engaged in the distribution and transportation of chemicals and that CTL was responsible under industry standards and law for the training of any person entering the premises beyond the offices in areas of respiratory protection and safety. Plaintiffs alleged that CTL was responsible for providing respiratory protection against the risk of over exposure and alternatively insuring that the respiratory protection procedure of any

10

workers, Lessees or any other person regularly on the premises, provide adequate protection.

26.

In Plaintiffs' Second Amended Supplemental and Restated Petition, Plaintiffs alleged that CTL had a duty to remove the source of any dangerous fumes from the tank trailer prior to it being released for maintenance activities, such as those performed by Mr. Young.

27.

Plaintiffs alleged that Roger McLelland was manager of CTL truck terminal that contained the Delta Trailers, Inc. garage where Mr. Young was employed. Plaintiffs alleged that Mr. McLelland had the duty of having the truck terminal comply with all Federal and State statues, regulations and all industry standards and that Mr. McLelland conducted periodic safety and health inspections of the premises. Plaintiffs alleged that Mr. McLelland implemented safety procedures and was involved in the upgrading and purchasing of safety equipment. Plaintiffs alleged that CTL Distribution further related to Mr. McLelland the duty of establishing and forcing procedures whereby the contents or material safety data sheets would be transmitted to individuals like Martin Young in case of an overexposure to chemicals contained in the CTL tank trailer.

28.

In *Canter v. Koehring Company LA 1973 vs. Koehring Company, 283 So.2d 716 (La. 1973)*, the Louisiana Supreme Court set forth the following guidelines for imposing personal liability on an employee of a corporation that has been sued: (1) the employee

must owe a duty of care to the third person, the breach of which recovery is sought; (2) this duty is delegated by the employer to the employee; (3) the employee has breached this duty through personal fault (as contrasted with technical or vicarious fault); (4) with regard to personal fault, personal liability cannot be imposed upon employee simply because of his general administrative responsibility for performance of some function of employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiffs' damages. If the defendants' general responsibility has been delegated with due care to some responsible subordinate… he is not personally at fault and liable for the negligence performance of this responsibility unless he personally knows or personally should know of its non-performance or mal-performance and has never less failed to cure the risk of harm. *Id at 721*.

29.

There are no allegations that Mr. McLelland breached any duty through personal fault. All the allegations regarding Mr. McLelland's duties and actions concern his general administrative responsibilities as manager of the CTL Distribution terminal. Mr. McLelland had no personal duty towards Mr. Young. There is no allegation that Mr. McLelland even knew Mr. Young. Any duty regarding Mr. Young's training and the supply of proper safety equipment to Mr. Young would have belonged to Mr. Young's employer and would have been delegated to Mr. Young's employer, Delta Trailers, Inc. There are no allegations that Mr. McLelland personally knew of any failures by either Mr. Young or his employer, Delta Trailers, Inc. Therefore, under Louisiana law, plaintiffs have not stated a cause of action against Mr. McLelland and Mr. McLelland's citizenship

should not be considered by this Court when making its subject matter jurisdiction. Furthermore, plaintiffs cannot establish cause of action against Mr. McLelland.

30.

When a party is joined in an action solely for the purpose of defeating jurisdiction, and the party is not an indispensable party, diversity of citizenship is complete and the action is properly removable without this party. *Alexander v. Electronic Data Systems Corp., 870 F. Supp. 749, 752 (E.D. Michigan S. Division 1994)*. Defendants submit that the sole reason Mr. McLelland was sued in this case was to defeat diversity. Therefore, Mr. McLelland's citizenship should not be considered when determining this court's jurisdiction.

31.

Joinder of a party is fraudulent if there is no intent to obtain a judgment. *Id at 753*. In this case, there is no concern that CTL Distribution, Inc. will be unable to satisfy any judgment against it in this matter. It is clear that Mr. McLelland need not be joined for the plaintiffs to obtain a complete remedy in this case. Therefore, this Court should not consider Mr. McLelland's citizenship when determining Federal jurisdiction in this matter.

32.

Plaintiffs claim that Martin Young died as a result of the incident and that Martin Young was not survived by a spouse. Plaintiffs claim that they as the only three children of Martin Young are the only persons entitled to seek survival and wrongful death damages pursuant to *Louisiana Civil Code Articles 2315.1 and 2315.2*. Plaintiffs claim

they have suffered damages for loss of earnings, pain and suffering, medical expenses, funeral expenses and loss of love, affection, inheritance, services and grief. It is evident from these claims that the plaintiffs allege significant damages and the damages from their petition can be expected to be by a preponderance of the evidence and with all reasonable certainty to exceed the sum of $75,000.00, exclusive of interest and costs.

33.

Because of the fraudulent joinder of Mr. McLelland, there is now complete diversity of citizenship between the Plaintiffs and non-fraudulently joined Defendant, CTL. Because the amount in controversy exceeds $75,000.00 this Court has jurisdiction over this civil action pursuant to *28 U.S.C. 1332*.

34.

In *Tedford v. Warner-Lambert Co., 327 F.3d 423, 428-29 (5th Cir. 2003)*, the Court held that the one year time limit for removal deadline pursuant to *28 U.S.C. 1446(b)* is subject to equitable exceptions. In that case, the Court stated the following:

> Where a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights, equity may require that the one-year limit in *§1446(b)* be extended.

35.

It is submitted by Defendants that equity demands that the one year time limit in *§1446(b)* be extended in this case because the Plaintiffs have delayed dismissal of all non-diverse Defendants until well over three years from the commencement of the suit. As stated before, the Plaintiffs never attempted to serve Trinity, Mr. Perry or Mr. Davis

14

and have now voluntarily dismissed them in the Second Amended Supplemental and Restated Petition. These parties have never been served and have never answered this case. The Plaintiffs have not even sought to perform any discovery on any of these parties.

36.

Plaintiffs' actions in this case clearly show that the Plaintiffs have attempted to manipulate the statutory rules for determining federal diversity jurisdiction. The Plaintiff added non-diverse Defendants, but never served them and never attempted to depose them. Plaintiffs have now voluntarily dismissed these non-diverse Defendants after the one year rule for removal.

37.

This case has not progressed in State Court to a point where removal would be disruptive. The case has never been set for trial and only limited discovery has taken place.

38.

The sole basis for the earlier Court's remand when this case was first removed was that Trinity was substituted in the Plaintiffs' First Amended Supplemental and Restated Complaint for "John Doe", who was listed in the Plaintiffs' original petition. Trinity has now been voluntarily dismissed by the Plaintiffs and does not therefore provide any basis for defeating diversity and preventing Federal jurisdiction at this time. Pursuant to *28 U.S.C. 1367*, this Court has supplemental jurisdiction over any and all claims, for which it does have original jurisdiction. This Court therefore has jurisdiction

over Defendants' Third Party and Amended Third Party claims against DTI, Gulf South and Gemini Insurance Company.

39.

Consent of improperly or fraudulently joined defendants is not required. *Jernigan v. Ashton Oil, Inc. 989 F.2d, 812, 850 (5th Cir. 1993)*. However, the same attorneys representing CTL Distribution, Inc. will represent Mr. McLelland in this case and Mr. McLelland therefore does not oppose the removal.

40.

This Court should find that Plaintiffs' actions constitute form manipulation and equitable exception to one year time limit for removal should be permitted and Defendant, CTL Distribution shows that the Petition for Removal was filed within thirty (30) days after service of Plaintiffs' Second Amended Supplemental and Restated Petition, showing that Plaintiffs' relief for damages exceeds the sum of $75,000.00, which makes this case one which meets jurisdictional requirements for removal based on diversity of citizenship.

**WHEREFORE**, premises considered, petitioners pray that this Honorable Court assume jurisdiction over this cause, the State Court Proceeding be discontinued, and this suit be removed to the United States District Court in and for the Middle District, Baton Rouge Division, as the law directs, and that all orders from the premises as are needful and necessary in such cases be made and provided.

Respectfully submitted,

**The Dill Firm, A.P.L.C.**

BY: _____
*/s/ John P. Guillory*
JOHN P. GUILLORY (Bar Roll #18240)
825 Lafayette Street
Post Office Box 3324
Lafayette, Louisiana 70502-3324
Telephone: (337) 261-1408
Facsimile: (337) 261-9176
ATTORNEYS FOR CTL DISTRIBUTION,
INC., and ROGER A. MCLELLAND

### CERTIFICATE

**I HEREBY CERTIFY** that on this 30th day of December 2009, a copy of the foregoing pleading was filed electronically with the Clerk of Court using CM/ECF system. Notice of this filing will be sent to plaintiffs, Rona Kemp Young, Roxann Young and Carl Young, through their attorney of record, Robert E. Kleinpeter, by operation of the court's electronic filing system.

*/s/ John P. Guillory*
_____
JOHN P. GUILLORY