UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RONA YOUNG KEMP, ET AL

VERSUS

CTL DISTRIBUTION, INC., ET AL

CIVIL ACTION

NO. 09-1109-JJB-SCR

## ORDER STRIKING AMENDED COMPLAINT

Plaintiffs filed their Third Amended, Supplemental, and Restated Complaint on September 13, 2010, without leave of court. Record document number 39. They also filed a Notice of Filing Amended Complaint of Right Pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure. Record document number 38. In their Notice, the plaintiffs asserted that Rule 15(a)(1) affords them "an absolute right to amend their complaint, without leave of court, within 21 days of the Motion to Dismiss filed by defendants on August 26, 2010 pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."[1]

Rule 15(a)(1) provides in relevant part, as follows:

> (1) *Amending as a Matter of Course*. A party may amend its pleading once as a matter of course within:
> (A)  21 days after serving it, or
> (B)  if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), **whichever is earlier.**

(emphasis added)

---

[1] Plaintiffs did not assert that they have the defendants' written consent to file their Third Amended, Supplemental, and Restated Complaint.  See Rule 15(a)(2).

Plaintiffs relied on subsection (B), but defendants CTL Distribution, Inc. and Roger A. McClelland both filed a responsive pleading, their Answer to Petition for Damages, on December 6, 2006 when the case was here before as CV 06-927, and their Answer to Plaintiffs' Second Amended, Supplemental and Restated Petition filed in this case on December 30, 2009.[2]  Plaintiffs' Third Amended, Supplemental, and Restated Complaint was filed well beyond 21 days after defendants CTL and McClelland filed and served their answers - which is the **earlier** of the two time periods in subsection (B).[3]

Therefore;

IT IS ORDERED that the plaintiffs' Third Amended, Supplemental, and Restated Complaint is stricken because it was filed without leave of court.[4]

Baton Rouge, Louisiana, September 16, 2010.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[2] Record document number 3 in CV 06-927; record document number 2 in CV 09-1109.

[3] *See*, 6 Wright, Miller & Kane, Federal Practice and Procedure, § 1483, pp. 665-74 (explaining 2009 amendments to Rule 15(a).

[4] Under Rule 15(a) as it was before the 2009 changes, the filing of the answer terminated the plaintiffs' right to amend without leave of court.  Therefore, the result is the same under both the old and new versions of Rule 15(a).