UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

RONA YOUNG KEMP, ET AL.

VERSUS

CTL DISTRIBUTION, INC., ET AL.

CIVIL ACTION

NO. 09-1109

## **RULING**

This matter is before the Court on the Motion (doc. 26) to Amend Order and Stay Proceedings filed by plaintiffs Rona Young Kemp, Roxann Young, and Carl Young. Defendants filed no opposition. There is no need for oral argument.

This case was initiated when plaintiffs filed a petition in state court on November 3, 2006. The case was first removed in December 2006 and was remanded in June 2007, when the district court granted plaintiffs' Motion for Leave to File First Amended, Supplemental, and Restated Complaint, which added a claim against a non-diverse defendant (who is no longer a party to the suit). On December 8, 2009, plaintiffs filed their Second Amended Petition, naming only two defendants, and defendant CTL removed the case on December 30, 2009, alleging improper joinder of defendant McLelland.

Plaintiffs moved to remand, disputing the allegations of improper joinder and arguing that the one year bar to removed in 28 U.S.C. §1446(b) should be applied to prohibit removal. On June 24, 2010, this court entered an order incorporating the Magistrate Judge's Report which found that the December 30, 2009 removal was proper because defendant McLelland was improperly joined

and the equitable tolling exception under *Tedford v. Warner-Lambert Co.*, 327 F.3d 423 (5th Cir. 2003) was applicable.  Plaintiffs now request this court to amend the June 24, 2010 order to include a statement that would allow immediate interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and to stay further proceedings pending interlocutory appeal.

To certify an interlocutory appeal under §1292(b), a district court must make an order and must state three things in the order: that it is of the opinion that the order (1) involves a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation.

The question of whether equitable tolling should apply to allow removal over a year after initial filing in state court does involve a controlling question of law; indeed, the question determines whether any litigation can take place in federal court.  Similarly, an immediate appeal could materially advance the ultimate termination of the litigation.  If the Fifth Circuit determined that equitable tolling should not be extended to allow removal over three years after suit was initially filed, the case would be returned to state court to proceed.  Judicial economy would certainly be served by having the Fifth Circuit address this issue of jurisdiction in the early stages of litigation, rather than after a full disposition on the merits.

Additionally, this court agrees that there is substantial ground for difference of opinion on the question of whether *Tedford* equitable tolling should be

extended to allow removal three years after initial state court filing. The Fifth Circuit has presently only extended equitable tolling up to one year and ten months after filing of suit. *See Brower v. Staley, Inc.*, No. 08-60322, 306 Fed.Appx. 36 (5th Cir. 2008). While some district courts within the Fifth Circuit have extended equitable tolling up to three years and two months,[1] others have been reluctant to extend *Tedford*.[2]

This court also finds that a stay of proceedings is appropriate in this matter. If the Fifth Circuit finds that the equitable exception should not be extended to allow tolling in this case, then this court will lack jurisdiction, and the case must be remanded. Any proceedings by this court in the interim would be a waste of judicial resources if such a finding eventually occurred.

Accordingly, plaintiffs' Motion (doc. 26) to Amend Order and Stay Proceedings is GRANTED.

Signed in Baton Rouge, Louisiana, on September 30, 2010.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[1] *See, e.g., In re Propulsid*, 2007 WL 1668752 (E.D. La. 2007) (allowed tolling 3 years 2 months); *Brooks v. Am. Bankers Ins. Co.*, No. 401-00008, 2003 WL 22037730 (N.D. Miss. 2003) (allowed tolling 2 years 9 months).
[2] *See Space Maker Designs, Inc. v. Steel King Indus., Inc.*, No. 09-2386, 2010 WL 2680098 (N.D. Tex. 2010, *Monk v. Werhane Enter. Ltd.*, No. 06-4230, 2006 WL 3918395 (E.D. La. 2006).