UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

RONA YOUNG KEMP, ET AL.

CIVIL ACTION NO. 09-1109-JJB-SCR

VERSUS

CTL DISTRIBUTION, INC., ET AL.

**RULING ON MOTIONS TO RECONSIDER AND ENTER JUDGMENT**

Before the Court are two motions. Defendant CTL Distribution, Inc. ("CTL"), seeks partial reconsideration of this Court's ruling denying in part CTL's motion for summary judgment against third-party defendant Delta Trailer, Inc. ("DTI") (Doc. 69), which DTI opposes (Doc. 77). DTI seeks an entry of final judgment under Rule 54(b) so as to appeal the Court's grant of summary judgment in favor of CTL on the issue of DTI's contractual obligations to indemnify, defend, and hold harmless CTL unless and until it is shown CTL acted with gross negligence in causing the wrongful death of its former worker, Martin Young. (Doc. 68). CTL filed an opposition (Doc. 71), and DTI filed a reply (Doc. 73). Oral argument is unnecessary. Jurisdiction over this action exists under 28 U.S.C. §§ 1332 and 1367.

I.

The central claim in this case, brought by the estate and survivors of Martin Young, alleges wrongful death against DTI, Martin's former employer. Martin allegedly died after exposure to toxic fumes from chemical material left in a tank trailer he was cleaning in the scope of his employment.

The current disputes center around this Court's ruling (Doc. 67) which, in relevant part, found: (1) DTI was required by its service agreement with CTL to defend and indemnify CTL unless and until CTL was found to have acted with gross negligence in causing Young's death

(Doc. 67, p. 16); and (2) a provision of the service agreement requiring DTI to maintain liability insurance and add CTL to that insurance "where applicable," which the Court found ambiguous and required parol evidence to construe. (*Id.*, pp. 6-8).

In its motion to enter final judgment (Doc. 68), DTI urges that unless the Court enters a final judgment on the issue of indemnity, there will be "a circuity or multiplicity of actions" because the ruling had the "immediate effect" of requiring DTI to defend and indemnify CTL even though the Court may later determine DTI no longer owes CTL that duty under the gross negligence exclusion of the indemnity provision in the service agreement. (*Id.*, p. 4). It asserts that "no just reason for delay" exists as a barrier to entry of final judgment on this particular claim, citing Fed. Rule Civ. P. 54(b). While not expressly stated, DTI obviously desires to appeal the Court's ruling on the indemnity issue before resolution of the underlying action which would determine what degree of negligence, if any, CTL employed in causing Young's death. In response, CTL argues that the possibility of DTI establishing that it acted with gross negligence in this case is quite slim. It also argues that this case has matured past the point where piecemeal review would provide a practical advantage over the costs and inconveniences inherent in effectively delaying the proceedings here while DTI appeals.

In its motion to reconsider, CTL contends that DTI admitted its intent to have the insurance coverage provision of the service agreement, even with its "where applicable" language, cover liability insurance. This Court acknowledged that fact in its ruling, though in a different context. (Ruling, Doc. 67, p. 12, n. 9). Thus, CTL urges that summary judgment on that ambiguous provision would not be improper since the admission shows no material fact exists regarding the parties' intent. It also argues that the Court's ruling recognized the dispute regarding who drafted the service agreement. In essence, DTI argues if the contract is found to

have been drafted by CTL, the ambiguous coverage provision should be construed against CTL without regard to the parties' intent or other parol evidence.[1]

II.

A. Rule 54(b) Motion for Entry of Judgment

Rule 54(b) provides, in pertinent part, as follows:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is not just reason for delay.

By its own terms, Rule 54(b) is limited to orders that would be considered final if entered in a single-claim, two-party case. *DeMelo v. Woolsey Marine Indus., Inc.*, 677 F.2d 1030, 1032 (5th Cir. 1982). The duty to indemnify in this case appears to have been brought by CTL as a separate claim against DTI. (*See* CTL's Third Party Complaint, Doc. 3-10, ¶¶ 8, 10 (third party demand filed in state court prior to removal)). The Court granted summary judgment to CTL on this claim, finding that the service agreement unambiguously and expressly provided for indemnity for acts of ordinary negligence but excepted indemnity for acts of gross negligence. (Ruling, Doc. 67, pp. 9-10).[2]

Rule 54(b) demands district courts weigh the competing considerations of "the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other." *Road Sprinkler Fitters Local Union v. Continental Sprinkler Co.*, 967 F.2d 145, 148 (5th Cir. 1992) (quoting *Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511 (1950)). The costs and inconvenience of piecemeal litigation are obvious here. DTI owes

[1] In its motion for summary judgment (Doc. 30) which the Court denied, DTI also argued the "where applicable" language made the coverage provision null because it is a conditional obligation depending solely on DTI's whim.

[2] While CTL has moved for partial reconsideration of that ruling, that motion does not implicate the indemnity portion of the ruling.

CTL a duty to defend this action, a right which would for all practical purposes be delayed during the pendency of an appeal since the two parties are obviously adverse on this issue. On the other hand, the Court perceives little "danger" that justice will be denied DTI if the Court does not enter judgment. DTI rightfully recognizes its duty to defend and indemnify, existent while CTL's liability is not established, might retroactively disappear if CTL is found liable due to gross negligence. But that is the straightforward consequence of the indemnity provision it signed. (*See* Service Agreement, Doc. 34-2, p. 3, ¶ 15 ("DTI hereby agrees to indemnify, defend, and hold harmless … CTL … from and against any injury (including death), damage, or loss arising under or in connection with this Agreement unless such loss is caused by the gross negligence of CTL….")). The plain text could not be clearer, and the Court cannot comprehend on what basis DTI thinks the interest of justice would be served by entering a separate judgment on this claim.

DTI talks about the realistic prospect that CTL may be found grossly negligent here, but that observation appears irrelevant. Regardless of the likelihood DTI has to escape ultimate responsibility for the costs associated with indemnifying and defending CTL, that determination necessarily must await the merits resolution of the underlying case, a determination that is inappropriate now and obviously could not be decided in the first instance on appeal even if a judgment on the indemnity claim is issued. The costs of entering judgment on this claim, compared with the minimal danger of denying separate judgment, clearly counsel against granting this Rule 54(b) motion, and the Court therefore denies it.

B. Motion to Reconsider the Court's Summary Judgment Denial of CTL's Coverage Claim Against DTI

Federal Rule of Civil Procedure 54(b) provides for reconsideration of interlocutory orders or decisions. Courts thus retain jurisdiction over all the claims in a suit and may alter earlier

decisions until final judgment has been issued. *See Livingston Downs v. Jefferson Downs*, 259 F.Supp.2d 471, 475 (M.D. La. 2002) (citing *Zapata Gulf Marine, Corp. v. Puerto Rico Maritime Shipping Authority*, 925 F.2d 812, 815 (5th Cir. 1991). District courts have considerable discretion in deciding whether to reconsider an interlocutory order. *Id.* Similarly, Fed. Rule Civ. P. 52(b) permits the Court to amend its findings on dispositive judgments when a party moves it to do so under Rule 59(e).

Motions for reconsideration based upon the same arguments previously submitted merely waste the limited time and resources of the Court. *van Heerden v. Bd. of Sup'rs of La. State Univ. and Agricultural and Mechanical College*, No. 10-155, 2010 WL 2545746, at *1 (M.D. La. June 21, 2010). Similarly, courts generally decline to consider arguments raised for the first time on reconsideration without adequate justification. *McClung v. Gautreaux*, No. 11-263, 2011 WL 4062387, at *1 (M.D. La. Sept. 13, 2011). In general, courts will reconsider a ruling only where an intervening change in the law occurs, new evidence not previously available emerges, or the need arises to correct a court's clear error which would otherwise work manifest injustice. *See, e.g., North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

The Court's ruling, as mentioned above, found the "where applicable" language rendered ambiguous the otherwise-clear mandate for DTI to add CTL as an additional insured on its liability policy. The parties had urged the Court to resolve the ambiguity on a number of grounds. CTL insisted that the deposition of Huey Beason, DTI's corporate deponent, admitted that DTI thought the agreement compelled it to add CTL as an insured on its liability insurance. Thus, CTL claimed, that admission showed the intent necessary to clarify the meaning of "where applicable," at least insofar as it relates to DTI's duty to add it to the liability insurance at issue

here. DTI, on the other hand, argued "where applicable" created a suspensive condition which delegated to it, as the obligor required to procure the insurance, the discretion to determine when and "where" that requirement was "applicable." If this language created a condition, instead of mere ambiguity of applicability, the provision must be nullified because a suspensive condition depending on an act or event under the control of the obligor is null. La. C.C. art. 1770. Both parties argued the other drafted the language at issue in the hopes of benefitting from the adverse presumption against the drafter, when all else fails. *See* La. C.C. arts. 2056-57.

The Court did not resolve the ambiguity, finding genuine issues of material fact remained in dispute surrounding the true meaning of that provision. However, even though the same arguments have been raised again, upon reconsideration, the Court believes its previous determination erred by putting off what must inevitably result. As shown below, because there actually exists no genuine dispute of material fact regarding the parties' intent relating to that particular contractual provision, it is irrelevant who drafted the provision or what the Court might ultimately hold the provision to mean by relying on other parol evidence.

"Interpretation of a contract is the determination of the common intent of the parties." La. C.C. art. 2045. Since the words of this contract have been found facially ambiguous, the Court cannot rely on those words alone. *See* La. C.C. art. 2046. Because the words are susceptible of different meanings, the Court must interpret them in accordance with the object of the contract. La. C.C. art. 2048. Thus, courts must look to what the parties reasonably expected at the time of contracting. *See, e.g.*, *St. Paul Fire & Marine Ins. Co. v. Valentine*, 665 So.2d 43, 47 (La. App. 1st Cir. 1995).

DTI, through its corporate deponent Huey Beason, admitted to thinking the service agreement required DTI to add CTL as an additional insured. Moreover, DTI attempted, albeit

Case 3:09-cv-01109-JJB-SCR Document 82 03/13/12 Page 6 of 8

unsuccessfully, to actually add CTL to its liability insurance. (*See* Beason Deposition, Doc. 34-3, pp. 7-17). Beason's actions and admissions show DTI intended to provide coverage to CTL under its liability insurance policy based on the service agreement. Having found the parties' intent, the Court may go no further and must give effect to their intention.[3] Inquiry into who drafted the agreement need not ensue. While the meaning of the ambiguous provision was doubtful when viewed in a vacuum, the parties' intent resolves that ambiguity. Article 2056, the provision requiring construction against the drafter, therefore does not come into play because it is a provision of last resort. La. C.C. art. 2056 ("*In case of doubt that cannot otherwise be resolved*, a provision in a contract must be interpreted against the party who furnished its text."); *see also* La. C.C. art. 2057 ("*In case of doubt that cannot otherwise be resolved*, a contract must be interpreted against the oblige and in favor of the obligor of a particular obligation.") (emphases added).

Because DTI's actions in this case demonstrate its intent to be bound by the coverage provision as interpreted by CTL, DTI's arguments only create a dispute in hindsight. *See Amoco Production Co. v. Tex. Meridian Resources Exploration Inc.*, 180 F.3d 664, 668-69 (5th Cir. 1999). Obviously, DTI thought the provision effective and attempted to fulfill its duty under it. Therefore, the Court can only conclude the intent of the parties sought to require DTI to add CTL as an additional insured on its liability insurance policy. Because the Court recognizes its previous ruling omitted to follow through on this point, the Court now exercises its discretion under Fed. Rule Civ. P. 54(b) to revise its previous ruling. Upon reconsideration, summary

[3] Even if the Court under the totality of the circumstances were inclined to read the "where applicable" language as creating a suspensive condition, as urged by DTI, the parties' intent controls when the words themselves do not suffice. La. C.C. arts. 2045-46. Moreover, CTL's reading gives meaning to the coverage provision rather than renders it ineffective, the preferred result under Louisiana contract law. *See* La. C.C. art. 2049.

judgment in favor of CTL on the issue of DTI's duty to provide liability insurance coverage is warranted.

III.

Accordingly, it is ORDERED that Delta Trailer, Inc.'s motion for entry of judgment (Doc. 68) is hereby DENIED.

It is further ORDERED that CTL Distribution, Inc.'s motion to reconsider (Doc. 69) is hereby GRANTED. For the written reasons assigned herein, the Court's previous ruling (Doc. 67) is hereby revised to grant CTL's motion for summary judgment (Doc. 34) in full.

It is further ORDERED that Delta Trailer, Inc.'s alternative request for leave to file a crossclaim is DENIED as moot. (*See* Crossclaim, Doc. 79).

Signed in Baton Rouge, Louisiana, on March 13, 2012.

**JAMES J. BRADY, DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**