UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

RONA YOUNG KEMP, ET AL.

VERSUS

CTL DISTRIBUTION, INC., ET AL.

CIVIL ACTION

NO. 09-1109-JJB

**RULING ON MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on a Motion for Summary Judgment (Doc. 117) by Defendant CTL Distribution, Inc. ("CTL"). The Motion is opposed (Doc. 128), and CTL filed a reply (Doc. 134). Jurisdiction over this action exists under Title 28 of the United States Code, Sections 1332 and 1367. Oral argument is not necessary.

I. Facts

This case is a wrongful death and survival action brought by the three surviving children of Martin Young (collectively, "Plaintiffs"), a worker who died in the course of his employment while servicing a truck and tanker owned by CTL at the garage of his employer, Delta Trailers, Inc. ("DTI"), in Iberville Parish, Louisiana. DTI is a truck maintenance company that operated a garage in St. Gabriel, Louisiana. CTL owned and operated the truck terminal where DTI's garage was located.

DTI and CTL entered into a service agreement in September of 2005, where DTI agreed to provide to CTL certain maintenance and repair services for CTL's equipment at the St. Gabriel location. Doc. 84-2. On January 4, 2006, Young died after he was exposed to toxic fumes from chemical material left in a tank trailer. The tank trailer had been used to haul molten sulfur, and the fumes are alleged to have been hydrogen sulfide volatilized from the residue in the tank. Young inhaled these fumes without respiratory protection while attempting to repair markers on the tank gauging rod.

1

Emergency procedures to provide Young with air to breathe until rescuers arrived ultimately proved unsuccessful, and Young died before emergency personnel could extricate him from the tank. These events led to the filing of this lawsuit.

The case was originally brought in state court and then removed, remanded, removed again, appealed, and ultimately maintained in this Court. The Court issued a number of rulings in this case. On January 10, 2013, this Court ruled on a motion for reconsideration regarding a previous state court ruling, and held the state court was correct in ruling CTL owed a duty to provide respirators. The Court refused to grant summary judgment holding CTL owed no duty to DTI to supply safety equipment to Martin Young at the time of the alleged incident that led to his death. CTL has now filed the instant motion seeking tort immunity by arguing Mr. Young was performing manual labor.

## II.     Analysis

Before the merits of the motion can even be considered, it must be decided whether or not CTL can assert this affirmative defense. CTL argues that, since Mr. Young was performing manual labor for CTL, it is granted tort immunity pursuant to *LA. R.S. 23:1032* and *LA. R.S. 23:1021(7)*. This is the first mention of such a defense and Plaintiffs argue in their opposition that, since CTL has never pled the affirmative defense of immunity in any of its answers, it cannot do so now, so far into this litigation. Plaintiffs state that by not pleading the affirmative defense of immunity and by positioning itself to the contrary in many of its defenses, CTL has effectively waived the immunity on which this motion is based. Furthermore, they argue allowing CTL to bring this defense now would be extremely inequitable.

In its reply, CTL cites several Fifth Circuit cases that establish the general view of affirmative defenses not pled in answers as governed by Federal Rule of Civil Procedure 8(c). "Under Rule 8(c) we do not take a formalistic approach to determine whether an affirmative defense was waived. Rather we look at the overall context of the litigation and have found no waiver where no evidence of prejudice exists and sufficient time to respond to the defense remains before trial." *Pasco v. Knoblauch*, 566 F.3d 572, 577 (5th Cir. 2009). This ruling follows an earlier Fifth Circuit decision in which the court held that where an affirmative defense "is raised in the trial court in a manner that does not result in unfair surprise,…technical failure to comply precisely with [Federal Rule of Civil Procedure] 8(c) is not fatal," and that raising the issue at "a pragmatically sufficient time" leads to the conclusion that the defense was not waived. *Allied Chemical Corp. v. Mackay*, 695 F.2d 854, 855-56. (5th Cir. 1983).

Herein, the Plaintiffs have had a sufficient amount of time to respond to the new defense of immunity for manual labor and cannot be said to have been prejudiced in their ability to respond. *See Vanhoy v. United States*, 514 F.3d 447, 450-51 (5th Circ. 2008). However, the affirmative defense was not raised at a pragmatically sufficient time, and, further, Plaintiffs would be unduly prejudiced by its tardy entrance. As such, CTL's failure to comply with Rule 8(c) was not merely technical.

Contextually, almost seven years after the commencement of litigation is not "a pragmatically sufficient time" to usher in a new defense that was not pled, especially when numerous rulings, including rulings on the merits, have already been made. CTL has had several opportunities to establish new affirmative defenses over the course of this litigation, as the complaint has been amended and restated several times. CTL

does not point to any event or cite any legitimate reason why now is an appropriate time to raise this affirmative defense. There has been no confusion of law so as to render this a pragmatically sufficient time to bring forth this immunity. *Pasco*, 566 F.3d at 577.

Additionally, Plaintiffs have been unduly prejudiced by this affirmative defense's extremely late appearance. Considering the overall context of the litigation, raising an affirmative defense after approximately seven years is overly deleterious to the Plaintiffs. Had this defense been pled at the onset or some other appropriate time, Plaintiffs might have adjusted their trial strategy. Importantly, had this affirmative defense been timely pled and accepted, the Plaintiffs would not have been subjected to more than half a decade of litigation as well as the accompanying expense. This undue prejudice, coupled with CTL's failure to raise such a defense at a pragmatically sufficient time, has rendered CTL's failure to comply with Federal Rule of Civil Procedure 8(c) fatal.

Since CTL cannot now assert this affirmative defense, the merits of the other arguments need not be considered.

### III. Conclusion

Accordingly, CTL Distribution, Inc.'s Motion for Summary Judgment on Immunity for Manual Labor (Doc. 117) is **DENIED**.

Signed in Baton Rouge, Louisiana, on June 3, 2013.

_____
**JAMES J. BRADY, DISTRICT JUDGE**