UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

RONA YOUNG KEMP, ET AL.

CIVIL ACTION NO. 09-1109-JJB

VERSUS

CTL DISTRIBUTION, INC., ET AL.

## RULING ON MOTION FOR JUDGMENT ON THE PLEADINGS AND MOTION FOR SUMMARY JUDGMENT ON CAUSATION

Before the Court is a Motion for Judgment on the Pleadings and Motion for Summary Judgment on Causation (Doc. 118) by Defendant CTL Distribution, Inc. The Motion is opposed (Doc. 129), and CTL filed a reply (Doc. 133). Jurisdiction over this action exists under Title 28 of the United States Code, Sections 1332 and 1367. Oral argument is not necessary.

### I. Facts

This case is a wrongful death and survival action brought by the three surviving children of Martin Young (collectively, "Plaintiffs"), a deceased worker who died in the course of his employment while servicing a truck and tanker owned by CTL at the garage of his employer, DTI, in Iberville Parish, Louisiana. DTI is a truck maintenance company which operated a garage in St. Gabriel, Louisiana. CTL owned and operated the truck terminal where DTI's garage was located. DTI and CTL entered into a service agreement in September of 2005, where DTI agreed to provide to CTL certain maintenance and repair services for CTL's equipment at the St. Gabriel location. Doc. 84-2. On January 4, 2006, Young died after he was exposed to toxic fumes from chemical material left in a tank trailer. The tank trailer had been used to haul molten sulfur, and the fumes are alleged to have been hydrogen sulfide volatilized from the

1

residue in the tank. Young inhaled these fumes without respiratory protection while attempting to repair markers on the tank gauging rod. Emergency procedures to provide Young with air to breathe until rescuers arrived ultimately proved unsuccessful, and Young died before emergency personnel could extricate him from the tank.

The case was originally brought in state court and then removed, remanded, removed, appealed, and ultimately maintained in this Court. A number of rulings have now been issued in this case. On January 10, 2013, this Court ruled on a motion for reconsideration regarding a previous state court ruling, and held the state court was correct in ruling CTL owed a duty to provide respirators. The Court refused to grant summary judgment holding CTL owed no duty to DTI to supply safety equipment to Martin Young at the time of the alleged incident that led to his death. The Plaintiffs' expert, Richard L. Miller, in his report, states that under the Occupational Safety and Health Administration's (OSHA) guidelines regarding the "controlling employer" at a multiemployer worksite, CTL was the controlling employer for DTI at the CTL site.

II. Motion Standards

A motion under Rule 12(c) for judgment on the pleadings is subject to the same standards as a motion to dismiss under Rule 12(b)(6). *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 209–10 (5th Cir. 2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. 662, 678 (2009). "A complaint that pleads facts merely consistent with a defendant's liability stops short of the line between possibility and plausibility." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). In determining whether the complaint states a valid claim for relief, all well-pleaded facts

2

are accepted as true and the complaint is construed in the light most favorable to the plaintiff. *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d at 210. "[C]onclusory allegations, unwarranted factual inferences, or legal conclusions" are not accepted as true. *Id.*

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact." Fed. Rule Civ. P. 56(a). The party seeking summary judgment carries the burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). When the burden at trial rests on the non-moving party, the moving party need only demonstrate that the record lacks sufficient evidentiary support for the non-moving party's case. *Id.* The moving party may do this by showing that the evidence is insufficient to prove the existence of one or more essential elements of the non-moving party's case. *Id.* A party must support its summary judgment position by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. Rule Civ. P. 56(c)(1).

Although the Court considers evidence in a light most favorable to the non-moving party, the non-moving party must show that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). Conclusory allegations and unsubstantiated assertions will not satisfy the non-moving party's burden. *Grimes v. Tex. Dep't of Mental Health*, 102 F.3d 137, 139–40 (5th Cir. 1996). Similarly, "[u]nsworn pleadings, memoranda or the like are not, of course, competent summary judgment evidence." *Larry v. White*, 929 F.2d 206, 211 n.12 (5th Cir. 1991). If, once

3

the non-moving party has been given the opportunity to raise a genuine fact issue, no reasonable juror could find for the non-moving party, summary judgment will be granted for the moving party. *Celotex*, 477 U.S. at 322.

III. Analysis

CTL seeks a ruling by the Court that if the Plaintiffs establish CTL was a "controlling employer" of Martin Young at the time of the accident, CTL will be immune from dispute under Louisiana's Workers' Compensation law. CTL also argues the Plaintiffs will be unable to show causation—that Martin Young would have used the respiratory equipment even if he had been supplied it.

The Plaintiffs make a number of arguments in opposition: tort immunity is an affirmative defense that must be specifically pled, but now appears for the first time seven years into the litigation after CTL has maintained a position of no duty, non-employer; the borrowed servant defense is irrelevant for a number of reasons; Martin Young was not a borrowed servant under Louisiana law; and CTL's argument that had respirators been provided, Martin Young would not have worn one, does not excuse CTL.

A. Immunity

Although CTL maintains it will always contend Martin Young was not a borrowed servant, but was an independent contractor, it argues that if the Plaintiffs establish CTL was a "controlling employer," Martin Young will have been a borrowed servant of CTL and CTL will be immune under Louisiana's Worker's Compensation law. Even assuming CTL's failure to plead this defense was not fatal, the argument is unsuccessful. The Plaintiffs have pled a claim for negligence, not for violation of an

4

OSHA standard. As such, a defense based on testimony regarding an unpled OSHA standard could not entitle CTL to judgment on the pleadings. Furthermore, as CTL argues its immunity stems from the Plaintiffs' potentially establishing **in the future** that CTL was a controlling employer, any consideration of the merits of this argument would be premature.

B. Causation

In support of its argument that Martin Young would not have worn a respirator, CTL presents testimony, which it argues shows the following. Mr. Young was an experienced worker who considered it safe to adjust marker rods without wearing an air respirator. DTI's safety procedures did not require workers to wear air respirators to perform such jobs. Mr. Young adjusted rods on other occasions prior to the date of the incident and did not use an air respirator and did not have any problems. DTI workers at the DTI main facility also did not use air respirators to adjust marker rods, even though they had such respirators available to them. DTI workers would only use air respirators when doing work inside tanks, such as welding; these workers would go into a tank, as long as they were not welding, without air respirators after they would air out the tank. DTI workers at the CTL terminal, including Mr. Young, were supposed to air out the tank before working around the tank. For some reason, the former Foreman, Mr. Chaffe, had rigged an air respirator that was apparently never used by either co-worker Mack Bush, Jr. or Mr. Young, and which Mr. Young did not choose to use on the date of the incident or any days before when changing a rod.

The Plaintiffs argue Martin Young was never warned of the risk of vapors from sulfur residue and was never trained on how to mitigate the risk, so any previous lack of

5

respirator use was due to ignorance stemming from the negligence of CTL, not a voluntary choice. They further argue that had CTL fulfilled its obligation to properly train and provide Martin Young with "fit tested respiratory equipment," all evidence supports the fact that Martin Young, an admittedly safe employee, would have used the respirator. The Plaintiffs present evidence that CTL's maintenance manual required CTL to maintain a written hazard communication program, which must be shared with employees of other employers on site. The Plaintiffs also focus on the language of a material safety data sheet (MSDS) provided by CTL, which requires wearing a positive pressure air mask when opening or closing the hatch of a liquid sulfur tank car, and restricts entry into empty liquid sulfur storage tanks, railcars, or truck trailers to those equipped with, among other things, positive pressure air masks. The parties both present evidence that Martin Young was a safe worker.

For the Plaintiffs to hold CTL liable under a negligence theory, the Plaintiffs must prove cause-in-fact causation. *Williams ex rel. Williams v. Jones*, 09-839, p. 5 (La. App. 5 Cir. 2/23/10); 34 So. 3d 926, 929–30. The evidence CTL presents does not show the Plaintiffs cannot prove causation. Most of the evidence presented by CTL does not directly relate to whether Martin Young would have worn a respirator in the future, but is presented to allow the Court to speculate as to what he would have done. The only evidence presented by CTL of an air respirator at the facility where Martin Young died is that of a foreman who "rigged" an air respirator to hook up to an air compressor unit. This is not evidence that Martin Young would not have used a reliable and properly-functioning air respirator, had one been provided. The most significant evidence against Martin Young wearing an air respirator is that of Rodney Green, one of DTI"s

6

foremen and supervisors.  Green testified in his deposition that Martin Young understood the dangers of going into a molten sulfur trailer without an air respirator, and had the experience to know why he should not go into a molten sulfur trailer.  However, this subjective testimony is insufficient to show Martin Young would not have worn an air respirator had it been provided.

There is no concrete evidence of what Martin Young would or would not have done had an air respirator been provided to him.  He did not say what he would have done, and he was not provided with an air respirator.  The evidence presented by CTL is meant to allow the inference that Martin Young would not have worn an air respirator had one been provided, and the evidence presented by the Plaintiffs is meant to allow the inference that he would have worn an air respirator or taken other precautions to prevent the harm that ensued, had he been provided an air respirator and/or been properly trained.  A reasonable juror evaluating this evidence could accept the theories proffered by the Plaintiffs or CTL.  The Plaintiffs' evidence is such that a reasonable juror could infer Martin Young would have worn a respirator if one was provided or that he would have taken other precautions to prevent harm.  Either could establish causation.  CTL's evidence does not preclude a reasonable juror from accepting the Plaintiff's theory, nor does it establish Martin Young would not have worn a respirator or taken other precautions to prevent harm.  Martin Young and other DTI employee's actions during the time in which a respirator was not provided do not show what Young would have done had a respirator been provided.  This is especially true considering Martin Young's understanding of the dangers involved with the relevant activity may

7

have been different had he been properly trained and informed. Therefore, causation is a genuine issue for trial.

IV.    Conclusion

Accordingly, CTL Distribution, Inc.'s Motion for Judgment on the Pleadings and Motion for Summary Judgment on Causation (Doc. 118) are **DENIED**.

Signed in Baton Rouge, Louisiana, on June 3, 2013.

_____
**JAMES J. BRADY, DISTRICT JUDGE**