UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

RONA YOUNG KEMP, ET AL.

CIVIL ACTION

VERSUS

NO. 09-1109-JJB

CTL DISTRIBUTION, INC., ET AL.

**RULING ON MOTION TO AMEND RULING ON MOTION FOR SUMMARY
JUDGMENT PURSUANT TO 28 U.S.C. § 1292(b)**

This matter is before the Court on a Motion to Amend Ruling on Motion for
Summary Judgment Pursuant to 28 U.S.C. § 1292(b) by Third-Party Defendant Gemini
Insurance Company (Doc. 135).  The Motion is opposed by Defendant CTL Distribution,
Inc. (Doc. 137), and Delta Trailer, Inc. ("DTI") (Doc. 138).  Gemini filed a reply (Doc.
139).  Jurisdiction over this action exists under 28 U.S.C. §§ 1332, 1367.  Oral
argument is not necessary.

This case is a wrongful death and survival action against CTL brought by the
three surviving children of Martin Young (collectively, "Plaintiffs"), a deceased worker
who died in the course of his employment while servicing a truck and tanker owned by
CTL at the garage of his employer, DTI, in Iberville Parish, Louisiana.  DTI is a truck
maintenance company which operated a garage in St. Gabriel, Louisiana. CTL owned
and operated the truck terminal where DTI's garage was located.  DTI and CTL entered
into a service agreement on or about September 1, 2005, where DTI agreed to provide
to CTL certain maintenance and repair services for CTL's equipment at the St. Gabriel
location.  On or about January 4, 2006, Young died after he was allegedly exposed to
toxic fumes from chemical material left in a tank trailer.

The case was originally brought in state court and then removed, remanded, re-moved, appealed, and ultimately maintained in this Court.   During the state court proceedings, CTL brought a third-party complaint against DTI, alleging DTI owed it full indemnity arising from a service agreement between CTL and DTI.   CTL also brought suit against Gulf South Associates, Inc., an insurance agency which allegedly failed to include CTL as an insured in DTI's insurance policies.   Finally, CTL brought a third-party action against DTI's insurer, Gemini, seeking recognition as an additional insured in DTI's policy.

The Court issued a summary judgment ruling on November 30, 2011 holding the indemnity provision of the service agreement obligates DTI to defend and indemnify CTL unless this Court finds CTL caused Young's injury through gross negligence.   Doc. 67.   The Court issued a ruling on a motion to reconsider on March 13, 2012, holding DTI was required by the insurance coverage provision of the service agreement to add CTL as an additional insured on its liability insurance policy.   Doc. 82.   On November 8, 2012, Gemini moved for summary judgment, arguing, among other things, that DTI's insurance policy does not cover DTI's contractual indemnity obligations to CTL.   Doc. 93.   Ruling on that motion, the Court held it could not make a determination on the issue until after this case is heard on the merits.   Doc. 127, at 10.   Gemini now argues the ruling should be amended to provide for immediate appeal.

Section 1292(b) certification is appropriate when "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."   28 U.S.C. § 1292(b). The Fifth Circuit strictly

construes the requirements of Section 1292(b). *Ala. Labor Council v. Alabama*, 453 F.2d 922, 924 (5th Cir. 1972). Interlocutory appeals under Section 1292(b) are only granted in "exceptional cases." *United States v. Garner*, 749 F.2d 281, 286 (5th Cir. 1985).

> Although the resolution of an issue need not necessarily terminate an action in order to be controlling, it is clear that a question of law is controlling if reversal of the order would terminate the action. On the other hand, an issue is not seen as controlling if its resolution on appeal would have little or no effect on subsequent proceedings. Whether an issue of law is controlling usually "hinges upon its potential to have some impact on the course of the litigation.

*United States v. Louisiana Generating LLC*, 2012 U.S. Dist. WL 4588437, at *1 (M.D. La. Oct. 2, 2012). A substantial ground for difference of opinion "usually only arises out of a genuine doubt as to the correct applicable legal standard relied on in the order." *Property One, Inc. v. USAgencies, L.L.C.*, 830 F. Supp. 2d 170, 182–83 (M.D.La. 2011). "An interlocutory appeal assuredly does not lie simply to determine the correctness of a judgment." *Clark–Dietz & Assocs.-Eng'rs., Inc. v. Basic Constr. Co.*, 702 F.2d 67, 68 (5th Cir. 1983). Disagreement with the district court's ruling is insufficient to establish a substantial ground for a difference of opinion. *Louisiana Generating*, 2012 WL 4588437, at *2.

Although it does not appear that Gemini satisfies any of the criteria in Section 1292(b), it is clear that they do not satisfy the substantial ground for difference of opinion prong. The instant motion contains a number of arguments Gemini did not make or adequately brief at the summary judgment stage, and that the Court therefore could not and did not address. Consequently, these arguments could not create a substantial ground for difference of opinion. As to Gemini's arguments that the Court

3

was able to address, Gemini does not create a genuine doubt as to the correct applicable legal standard relied on in the ruling.  The instant motion is merely evidence of Gemini's disagreement with the Court's ruling and an attempt to re-litigate the summary judgment motion.  Section 1292(b) does not allow parties an opportunity for another bite at the apple using arguments not previously or adequately raised.  As Gemini at least fails to satisfy the substantial ground for difference of opinion prong, the Court will not amend the summary judgment ruling to allow for immediate appeal.

Accordingly, Gemini Insurance Company's Motion to Amend Ruling on Motion for Summary Judgment Pursuant to 28 U.S.C. § 1292(b) (Doc. 135) is **DENIED**.

Signed in Baton Rouge, Louisiana, on June 7, 2013.

_____
 **JAMES J. BRADY, DISTRICT JUDGE**